## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WILLIAM HUEPPAUFF,

    Plaintiff,

v.                                                                  Civ. 23-914 JB/SCY

ADRIENNE MICHELLE OWENS AND
THOMAS GEORGE OWENS,

    Defendants.

### ORDER GRANTING MOTION TO COMPEL

On December 13, 2023, Defendant Adrienne Michelle Owens (hereinafter "Defendant") served discovery on Plaintiff via Plaintiff's email address. Doc. 15. On January 23, 2024, counsel for Defendant emailed Plaintiff inquiring as to the status of Plaintiff's discovery responses. No response to this email was received. Doc. 20. On February 1, 2024, Defendant filed a motion to compel, indicating that Plaintiff had not served timely responses to the discovery requests, which included interrogatories and requests for production. Doc. 20. The Court issued an Order for Service by Mail, noting that Plaintiff had not consented in writing to email service under Fed. R. Civ. P. 5(b)(2)(E). Doc. 21. Defendant indicated she re-served the discovery requests by mail on February 2, 2024. Doc. 23. Plaintiff's responses were therefore due on March 6, 2024. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 6(d). On March 20, 2024, Defendant filed a status report indicating that Defendant mailed a good faith letter to Plaintiff on March 11, 2024. Doc. 26. As of the filing of the status report, Plaintiff neither timely responded to the discovery nor requested an extension of time. Doc. 26.

Defendant served her motion to compel on Plaintiff via mail on February 1, 2024. Doc. 20 at 2. Plaintiff's response to the motion was due by February 29, 2024. D.N.M.LR-Civ. 7.4(a);

Fed. R. Civ. P. 6(d). Plaintiff neither timely filed a response nor requested an extension of time to respond.

Under Federal Rule of Civil Procedure 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B), (iii), (iv). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment if . . . (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

Because Plaintiff has failed to answer interrogatories submitted under Rule 33 and failed to produce documents as requested under Rule 34, the Court GRANTS Defendant's motion to compel. Because the Court grants the motion, it must also grant Plaintiff an opportunity to be heard on whether an order that Plaintiff pay Defendant's reasonable expenses would be unjust or if Plaintiff's failure to respond to discovery was substantially justified.

THEREFORE, IT IS ORDERED THAT

1.     Within 30 days of the date of this Order, Plaintiff shall answer Defendant Adrienne Michelle Owens's First Set of Interrogatories and Requests for Production to Plaintiff William Hueppauff served by mail on February 2, 2024. **Failure to comply with this Order may result in dismissal of Plaintiff's lawsuit.**

2.     Within 30 days of the date of this Order, Plaintiff may submit a brief that addresses whether an order that Plaintiff pay Defendant's reasonable expenses would be unjust, whether Plaintiff's failure to respond to discovery was substantially justified, and whether the Court should order Plaintiff to pay Defendant's reasonable expenses in bringing the motion to compel. Failure to file such a brief may result in an order requiring Plaintiff to pay such reasonable expenses.

IT IS SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

3