IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM HUEPPAUFF,

    Plaintiff,

v.                                                                   Civ. 23-914 JB/SCY

ADRIENNE MICHELLE OWENS AND
THOMAS GEORGE OWENS,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court sua sponte, following the Court's Order granting Defendant Adrienne Michelle Owens' Motion to Compel. Doc. 27. Given Plaintiff's failure to comply with two Court orders, his failure to engage in the discovery process, and his failure to maintain consistent communication with the Court, I recommend dismissing this matter without prejudice.

## **PROCEDURAL HISTORY**

A.     <u>Failure to Answer Discovery</u>

On December 13, 2023, Defendant Adrienne Michelle Owens served discovery requests on Plaintiff via Plaintiff's email address. Doc. 15. On January 23, 2024, counsel for Defendant emailed Plaintiff inquiring as to the status of Plaintiff's discovery responses. Having received no response to this inquiry, Defendant filed a motion to compel on February 1, 2024. Doc. 20. The next day, February 2, 2024, the Court ordered Defendant to serve her discovery requests to Plaintiff by mail, rather than by email, as Plaintiff had not consented in writing to email service under Fed. R. Civ. P. 5(b)(2)(E). Doc. 21. Consistent with the Court's order, on the same day the Court issued its order, Defendant re-served her discovery requests, this time by mail. Doc. 23. Plaintiff's discovery responses were therefore due to Defendant on March 6, 2024. Fed. R. Civ.

P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 6(d). Not having received any discovery from Plaintiff, Defendant mailed a good faith letter to Plaintiff on March 11, 2024. Doc. 26. When Defendant received no response to this good faith letter, she filed a status report with the Court on March 20, 2024.

Because Plaintiff failed to respond to Defendant's discovery requests, filed no response to Defendant's motion to compel, and requested no extension of time to do either, the Court, on March 26, 2024, granted Defendant's motion to compel. Doc. 27. In its Order, the Court found that "Plaintiff has failed to answer interrogatories submitted under Rule 33 and failed to produce documents as requested under Rule 34." Doc. 27 at 2. The Court ordered that:

> 1. Within 30 days of the date of this Order, Plaintiff shall answer Defendant Adrienne Michelle Owens's First Set of Interrogatories and Requests for Production to Plaintiff William Hueppauff served by mail on February 2, 2024. **Failure to comply with this Order may result in dismissal of Plaintiff's lawsuit.**
>
> 2. Within 30 days of the date of this Order, Plaintiff may submit a brief that addresses whether an order that Plaintiff pay Defendant's reasonable expenses would be unjust, whether Plaintiff's failure to respond to discovery was substantially justified, and whether the Court should order Plaintiff to pay Defendant's reasonable expenses in bringing the motion to compel. Failure to file such a brief may result in an order requiring Plaintiff to pay such reasonable expenses.

Doc. 27 at 3 (emphasis in original).

These 30 days the Court provided for Plaintiff to act then also passed with no action. That is, Plaintiff still provided no discovery to Defendant, submitted no brief to the Court addressing expenses, and requested no extension of time to do either. *See* Doc. 32 (May 6, 2024 status report from Defendant indicating discovery requests are still unanswered).

### B. Failure to Comply with Settlement Conference Order

On December 18, 2023, the Court entered an order scheduling a settlement conference for April 3, 2024. Doc. 16. In that order, the Court required the parties to exchange letters with

each other and submit confidential letters to the Court. Plaintiff's letter to Defendants[1] was due March 14, and Plaintiff's letter to the Court was due March 22, 2024. Doc. 16 at 4. In violation of this Order, Plaintiff submitted no letters (either to Defendants or the Court) and requested no extension of time to submit the letters ordered. Court staff attempted to contact Plaintiff via email to inquire about the status of the letters but received no response. On March 26, 2024, Defendants conveyed to the Court (via email on which Defendants copied Plaintiff) their position that the settlement conference should be vacated.[2] Given Plaintiff's failure to engage in discovery or to provide information essential to the settlement process, the Court vacated the settlement conference. Doc. 30.

## **DISCUSSION**

Rule 41(b) allows the court to dismiss an action if the Plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); *see also Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("The Federal Rules of Civil Procedure authorize sanctions, including dismissal, for failing to . . . comply with court rules or any order of the court."). Rule 37(b) likewise authorizes a Court to dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Given Plaintiff's failure to engage in the discovery process, even after the Court ordered him to do so, and Plaintiff's failure to comply with the Court's order related to the settlement conference, I recommend dismissing his case without prejudice.

---

[1] While only one Defendant, Adrienne Michelle Owens, served discovery requests on Plaintiff and filed a motion to compel, the settlement conference order required Plaintiff to send a letter to both Defendants, Adrienne Michelle Owens and Thomas George Owens.

[2] After the Court vacated the settlement conference, Plaintiff emailed Court staff indicating that he looked forward to participating in the settlement conference. Plaintiff did not explain why he failed to provide the Court-ordered letters or indicate that he would do so in the future.

Courts are oftentimes permitted to dismiss cases without prejudice without attention to any particular procedures, such as an evaluation of the *Ehrenhaus* factors. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007) ("Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at [compliance]; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."). This is not always the case, however, as "a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *AdvantEdge Bus. Grp. V. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

Plaintiff's complaint relates to a car accident that occurred on September 19, 2020. Doc. 1-1 at 1 ¶ 4. The statute of limitations for personal injury claims in New Mexico is three years. NMSA § 37-1-8. Therefore, absent some sort of tolling mechanism about which the Court has not been informed, dismissal without prejudice would likely effectively function as a dismissal with prejudice. Consequently, I will consider the *Ehrenhaus* factors and whether dismissal with prejudice is an appropriate sanction. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671 (10th Cir. 2013) (reversing a dismissal without prejudice because, given the expiration of the statute of limitations, the district court should have given the plaintiff notice that it was effectively a dismissal with prejudice).

When deciding whether dismissal of a case is an appropriate sanction under *Ehrenhaus*, district courts should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for

4

noncompliance; and (5) the efficacy of lesser sanctions." *Nasious*, 492 F.3d at 1162 (internal citations omitted).

In this case, the first two factors are related. That is, Plaintiff's failure to participate in the case by providing Court-ordered discovery and settlement conference letters impairs Defendants' ability to challenge Plaintiff's claims and resolve this case. Likewise, Plaintiff's failure to participate in this case interferes with the judicial process by completely halting any movement toward a resolution of the case.

Regarding the third factor (culpability of the litigant), Plaintiff is solely culpable. The Court and defense counsel have repeatedly attempted to communicate with Plaintiff through United States Postal Service first-class mail as well as through e-mail. Plaintiff, however, has not responded to discovery requests or Court orders. Nor has Plaintiff provided an updated mailing or email address to the Court. Instead, Plaintiff appears to have simply ignored the Court's order to submit letters in advance of the settlement conference and the Court's order to provide discovery to Defendants. Further, because Plaintiff is pro se, no counsel exists against whom fault can be attributed.

The fourth factor (whether Plaintiff has been warned about the possibility of dismissal) also weighs against Plaintiff. After Plaintiff's noncompliance with his discovery obligations, the Court warned Plaintiff that "**Failure to comply with this Order may result in dismissal of Plaintiff's lawsuit.**" Doc. 27 at 2 (emphasis in original). This warning put Plaintiff on clear notice that the sanction I now recommend would be a possible consequence of his failure to follow the Court's order.

Finally, no lesser sanction exists to bring Plaintiff into compliance. In granting Defendants' motion to compel, the Court advised Plaintiff that, unless Plaintiff filed a brief

demonstrating that it would be unjust to order Plaintiff to pay Defendants' reasonable costs in filing their motion to compel, the Court would order such a sanction. Doc. 27 at 3. This threat of a monetary sanction failed to motivate Plaintiff to either provide the discovery ordered or to attempt to provide a justification for this failure. The threat of monetary sanctions, therefore, does not appear to be effective means to bring Plaintiff into compliance. Nor does it appear that any other sanction short of dismissal would bring Plaintiff into compliance. Given Plaintiff's failure to participate in the case, any sanction less than dismissal would likely result in the same problem: Plaintiff would continue to not respond to Court orders and the case would be unable to move forward.

## RECOMMENDATION

For these reasons, I recommend dismissing this case without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**